FILED
07 JUN 20 AM 11:21
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

C 07 3246 SBA  E-Filing (PR)

555

Charles Walton F48589
Avenal State Prison
PO Box 9, 410-4-78W
Avenal, Ca 93204

June 7, 2007

To: Judge Thelton E. Henderson
U.S. Northern District Court California
450 Golden Gate Ave, 16 FL
San Francisco, Ca 94102

Complaint Under
42 USC § 1983, and
28 USC § 1367, and
Title II of the ADA

Re: Discrimination

Subject: Miasma Pernicious Living Conditions

Dear Honorable Judge Henderson

Pleased be advised and duly informed I am a California State Prisoner incarcerated at Avenal State Prison of Kings County.

This letter is in regard to unexceptable and extreme living conditions on the part of Avenal State Prison Officials

1 of 2

This is an urgent and desperate plead for help, on the behalf of disabled inmates as well. There is a large segment of population who has made the choice of an alternative lifestyle.

Furthermore this is a segregated group of prisoners at Avenal State Prison four yard known as Sensitive Need Yard (SNY). We believe these injustices are solely based on this state classification and penological designation.

We are asking for your help please.

THANK YOU

Very Truly Yours

_____ 6-14-07
Charles E. Walton
Applicant(s)

Avenal State Prison
P.O. Box 9, 410-4-78U
Avenal, Ca 93204

2 of 2

Summum Bonom

Please be advised and duly informed, I am a California State Prisoner incarcerated at Avenal State Prison at Kings County. With a notice of serious deprivation of Basic Human Needs and unsanitary conditions causing general misery and the spread of disease and substantial risk of serious risk of future harm.

This evidence, if believed, would allow a fact finder to conclude that the plaintiff(s) suffered a sufficiently serious deprivation to violate the Eighth Amendment.

Long stand urine and human feces, in the toilets most of the time. Many inmates have serious health issues, some vomit on regular basis into overflowing toilets. There are inches of stagnant waste water on the floors from sinks with no traps and overflowing toilets.

Prisoners forced to wade through this miasma, cess pools of waste in shower shoes and bear feet many having ingrown toenails, open sours as well as other foot disorder and disease.

Further, based on current conservation measures required of all staff and inmates in order to maximize waste availability.

Prisoners are forced to stand and urinate after other prisoners in toilets while splashing feces/urine from other prisoners with Hepatitis C, Tuberculosis, Veneral Disease, HIV other serious health problems and contagious disease back on exposed skin.

Any competent Physicians knows the dangers of exposed skin coming contact with this infectious material represents a serious and dangerous risk of future harm.

1 of 5

These unconstitutional living conditions and blatant disregard for health and safety codes have caused widespread harm, including severe and unnecessary pain, injury, suffering, emotional and psychological distress.

Appelent(s), and all others similarly situated at all times mentioned herein were inmates in the custody, control, care and safe keeping of CDCR employees at Avenal State Prison (ASP). At all times during incarceration appelent(s) has relied on the Warden at ASP to provide him/them with the necessary constitutional living conditions.

Mental Health Conditions can be very complex. Many require treatment by a psychologist or psychiatrist, doctors who specialize in treating the mentally ill. A number of issues frequently arise in mental health cases. Serious mentally ill prisoners kick on flushing devices, hit on metal sink fixtures, pull on drain pipes and bang on walls so loudly, in frustration with plumbing that hasn't worked in several months and in many cases years.

Because the Warden and Senior Prison Officials know that appelent(s) and all other prisoners similarly situated live under conditions creating an unreasonable risk of future harm but have failed to respond to this dire situation, they request that prison officials immediately furnish them with constitutionally adequate living conditions.

Appelent(s) has made repeated demands for Prison Officials to comply with the law. Despite this demand, respondent has failed and continues to fail to comply with their duty under the aforementioned regulations and Penal Codes §5058.

Respondent has a clear, present and ministerial duty to comply

2 of 5

with requirements of the Administrative Procedures Act (APA), California Codes of Regulations (CCRs) Penal Code § 5058, the American Correctional Association Standards for Incarcerated Inmates, State Laws and the United States Constitution, and at all times relevant therein, respondent(s) had and continues to have the Duty and ability to do so.

Furthermore, these individuals were deliberately indifferent to the needs of the appellant(s) and all those similarly situated and has violated our rights to be free from cruel and unusual punishment under the "Deliberate Indifference" standard (rather than a lower standard of whether states actions were "reasonably related" to "legitimate penological interest"); Toussaint v. McCarthy, 926 F.2d 800, 801 (9th Cir. 1992), cert. denied 502 U.S. 874 (1991)("even those prisoners at "the bottom of the social heap...have, nonetheless, a humane dignity and certain rights secured by the Constitution of the United States"); Madrid v. Gomez, 889 F.Supp 1146, 1244-45 (N.D. Cal 1995).

Unfortunately San Quentin Prison Officials while recognizing the depth of the problem and documentation, fails to exhibit the force of will necessary to tackle the problem in any systematic manner in what is likely years to come.

The appellant(s) has encouraged Prison Officials to treat this situation as a state of emergency, to break out of the "business as usual" mindset, and to take extreme measures to break through any bureaucratic or other barriers that are preventing them from furnishing the appellants with constitutionally adequate living conditions.

3 of 5

Notwithstanding these Duties and abilities, respondent has failed and refused and continues to fail to perform their duty as required by law. By all accounts the Avenal Prison Senior Administrative Officials management system is broken beyond repair. The harm already done in this case to Avenal Prison inmate population could not be more grave, and the threat of future injury, misery, and specter of death is virtually guaranteed in the absence of drastic measures.

[I]t is impossible for a written description to convey the pernicious conditions and the pain and degradation which ordinary inmates suffer at Avenal State Prison (including) the physical suffering and wretched psychological stress which must be endured by those sick, injured and mentally disabled who are denied basic human living conditions.

Based on the findings, removing California Prison Officials from control of the medical system and imposing a Receiver Mr. Robert Sillen, to radically transform it was the only viable means of saving lives and creating a stable and healthy care delivery system with the CDCR.

Finally, maintenance that is "so cursory as to amount to no maintenance at all" may violate the constitution.

There is a grave and immediate threat and actual type of harm to the appellant(s), the use of all less extreme measures of rectification have been exhausted or prove futile. Continued insistence that compliance with normal administrative appeals time lines would lead only to confrontation and delay. There is a lack of leadership within the Plant Ops to turn the tide within a reasonable

4 of 5

amount of time. There has been bad faith on the part of Prison Officials and resources are being wasted.

Considering Avenal State Prison Officials' historical failure to comply with State/Federal Law and its own CCRs, appelent(s) believes that proper measure of futility is not one that can be calculated simply in chronological terms, but rather is one that should be measured qualitatively in the present moment. By that measure, we are at the point nearing futility in this complaint, where the State and Avenal Prison Officials has publically confessed their inability to grapple with the problem in any appreciable systematic manner for what is likely to be years to come.

In that instances of justifying recievership, courts have typically found a lack of leadership that could be expected to improve conditions, systematic deficiencies in administrative, organizational, and fiscal structure, institutional inertia, and similar indicia of bureaucratic morass.

An outside contractor is likely to provide a relatively quick and effective solution/remedy.

In conclusion, given the deplorable state of affairs at Avenal State Prison, Federal, State and Governmental powers — indeed obligation to remedy the situation, as discussed above the appelent(s) and all others similarly situated ask that you be compelled to move forward as expiditiously as possible in this case, within the constraints of "Due Process" and fundamental Fairness, and set forth the request relief.

5 of 5

**INMATE/PAROLEE APPEAL FORM**
CDC 602 (12/87)

Location: Institution/Parole Region _[illegible]_   Log No. ____   Category ____

1. ____   1. ____
2. ____   2. ____

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

NAME: C.E. Walton, et al.,   NUMBER: F48589   ASSIGNMENT: NA   UNIT/ROOM NUMBER: 410-1-78U

A. Describe Problem: Comes now Appelent(s) and all others similarly situated with notice of a class injury claim. The institution of the proper hearing authority is herein invoked pursuant to administrative bulletin 05-03, and 97/6 and also Penal Codes §9(PC)832.7, PC 832.8, CCR 3391, and California Code of Regulations, Title 15; with the Constitution of the United States of America. DOM § 54100.2, see also DOM § 54100.17. All of the herein citations are incorporated by reference.

If you need more space, attach one additional sheet.

B. Action Requested: Award each member of the class and the sub-class $10,000.00 ea. To provide appelent(s) with constitutionally adequate living conditions. Or a sum of $28,000,000.00 to $120,000,000 to the class and the sub-class, which includes inmates, parolees and employees.

Inmate/Parolee Signature: _[signature]_  6-14-07   Date Submitted: ____

C. INFORMAL LEVEL (Date Received: ____)

Staff Response: ____

Staff Signature: ____   Date Returned to Inmate: ____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

Signature: ____   Date Submitted: ____
Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim
CDC Appeal Number:

Regulations: The rules governing this issue is:

— California Code of Regulations —

- CCR § 3271
- CCR § 3270
- CCR § 3380.(a)
- CCR § 3413
- CCR § 3004
- CCR § 3084.7
- CCR § 3278.(b)
- CCR § 3060
- CCR § 3061
- CCR § 3064
- CCR § 3303.(b)

— Penal Codes —
- PC § 5058

— Government Codes —
- GC §§ 954.4 and 950.2

Title 28
— United States Codes —
- USC § 2072 Rules of procedure and evidence; power to prescribe
- USC § 2073 Rules of procedure and evidence; method of prescribing

— Memorandum and Points of Authority —

To constitute cruel and unusual punishment under the Eighth Amendment, prison conditions must inflict unnecessary or wanton pain or be contrary to civilized standards of decency. Forcing mentally ill inmates to defecate in toilets containing human feces and urine is unciviliz ed. See Rhodes v. Chapman (1981) 452 U.S. 337, 346-347

2 of 4

[101 S.Ct. 2392; 69 L.Ed. 2d 59].

In evaluating a claim of cruel and unusual punishment, a court first ask whether the deprivation was sufficiently serious. Inoperable toilets for months at a time and forcing more than three hundred forty inmates to use three to five toilets is sufficient serious deprivation. See Wilson v. Seiter (1991) 501 U.S. 294 [111 S.Ct. 2321; 115 L.Ed. 2d 271].

This objective component requires of "minimal civilized measures of lives necessities."

Working plumbing is a very basic measure of lifes necessities. See Hudson v. McMillan (1992) 503 U.S. 1, 9 [112 S.Ct. 995; 117 L.Ed. 2d 156] (citing Rhodes v. Chapman (1981) 452 U.S. 337, 347 [101 S.Ct. 2392; 69 L.Ed. 2d 59]). See also Johnson v. Lewis, 217 F.3d 726, 732-33 (9th Cir. 2000), cert. denied, 121 S.Ct. 22 (2001).

These "basic human needs" include "adequate food, clothing, shelter, sanitation, medical care, and personal safety." "Functioning sinks, toilets and showers are basic necessities of modern life, particularly in the confines of a wholly self-contained environment such as Avenal State Prison." See Hoptowit v. Ray (9th Cir. 1982) 682 F.2d 1237, 1246; see also Dawson v. Kendrick, 527 F.Supp. at 1282-88 and also Hoptowit v. Spellman, 753 F.2d 779, 783 (9th Cir. 1985).

Another defense sometimes raised by prison officials is one of financial constraints. This defense has been decisively repudiated, with some courts threatening to close down a jail or prison if it cannot be run in a constitutional manner. However, although fiscal ~~straints~~ considerations are no basis for the complete denial of constitutional right, they can be taken into consideration in

Fashioning the appropriate relief. See Jackson v. Bishop (8th Cir. 1968) 404 F.2d 511, 580; Gates v. Collier (5th Cir. 1974) 17 Cal. 3d 702, 720-721; 132 Cal. Rptr. 1051. See also Bounds v. Smith (1977) 430 U.S. 817, 825 [97 S.Ct. 1491; 52 L.Ed. 72]; Wright v. Rushen (9th Cir. 1981) 642 F.2d 1129, 1134.

Serious or significant injury is not always required for an Eighth Amendment claim. Eighth Amendment violated by prison plumbing in such disrepair as to deprive inmates of basic elements of hygiene and to threaten their physical and mental well-being. See Id., at 783.

Whether a condition or injury violates contemporary standards of decency will vary from situation to situation. A condition which has not caused any present injury may still violate the Eighth Amendment if there is "imminent danger," and the condition "is sure or very likely to cause serious illness and needless suffering." See Hoptowit v. Ray (9th Cir. 1982) 682 F.2d 1237; Keenan v. Hall (9th Cir. 1996) 83 F.3d 1083 ("discussing numerous conditions, issues that can raise Eighth Amendment concerns"); see also Harper v. Showers, 174 F.3d 716, 717, 720 (5th Cir. 1999).

The conditions, practices and omissions that form the basis of this complaint are common to all members of the class and the relief sought will apply to all of them. The claims of the named plaintiffs are typical of the claims of the class.

The prosecution of separate actions by individual members of the class would create a risk of inconsistent and varying adjudications which would establish incompatible standards of conduct for the defendants. The prosecution of separate actions by individual members of the

3 of 4

class would create a risk of adjudications with respect to individual members which would, as a practical matter, substantially impair the ability of other members to protect their interest.

California State and Federal Prison Officials have acted or refused to act on grounds generally applicable to the class, making appropriate injunctive, declatory and monetary relief with respect to the class and subclass as a whole.

There are questions of law and fact common to members of the class, including officials violation of the Eighth Amendment and Fourteenth Amendment to the United States Constitution.

The named appelent(s) are not capable, without counsel, of fairly and adequately representing their/the class and protecting its interest.

There for appelent(s) moves this court persuent to 42 U.S.C. §1988, 29 U.S.C. §794a(b), and 42 U.S.C. §12205, to appoint Michael W. Bien Attorney at Law of Rosen, Bien and Galvan LLP of San Francisco, California counsel of record to protect their interest.

Respectfully Submitted

Charles E. Walton    6-14-07

Appelent(s)

4 of 4

On the complaint/claim with supporting affidavit thereon:

## Declaration

I, the undersigned declare under Penalty of Perjury under the laws of the State of California that the foregoing complaint is true and correct and as to such facts averred upon information and belief, that I am so informed and believe the same to be true, and affix my signature hereto.

_____ June 14, 2007
_____ Signed          June 13, 2007
Willie Brooks                             Date
P16665

_____6-14-07_____ Signed             6-13-07
Charles E. Wytton                         Date
F48589


_____ Signed          _____
                                         Date

CC:

Arnold Schwarzenegger, Governor
State of California

Mr. Robert Sillen, Plata Receiver
Prison Health Care, Receivership

Judge Thelton E. Henderson
Northern District of California
San Francisco

U.S. Department of Justice, Civil Rights Division
Jenine Worden, Deputy Chief
Washington, DC

Mr. James E. Tilton, Secretary
Cal. Youth and Adult Correctional Agency

Mr. William Gavsewitz, Director
Cal. Department of Corrections and Rehabilitations

Donald Spector, Attorney @ Law
Prison Law Office

Rosen, Bien and Galvan, LLP

1 of

Office of Internal Affairs
Sacramento, Ca

N. Dawson, Warden
A.S.P.

Cal. State Legislature Assembly and State Senate
State Capitol

McCutchen, Doyle, Brown and Emersen

Mr. Andy Furgillo
Sacramento Bee

San Francisco Chronicle

Los Angeles Times

Fresno Bee

M.L. Sango, Mother
503 Cheryl Way
Suisun City, Ca 94585

C.E. Walton, Father
3954 E. Hampton Way
Fresno, Ca 93726

2 of

Turning Wheel Newsletter

International Buddhist Newsletter

The Victory Banner Newsletter
Washington, DC

Inside Journal
Washington, DC

Families Against Mandatory Minimums (FAMM)

National CURE

Prison Legal News

The Beat Within

The Pennsylvania Prison Society

National Hepititis C Prison Coalition

American Friends Service Committee Watch Project

Gay Buddhist Fellowship Newletter San Fran, Ca

3 of

# PROOF OF SERVICE BY MAIL

I THE UNDERSIGNED, CERTIFY THAT I AM OVER THE AGE OF EIGHTEEN (18) YEARS OF AGE. THAT I CAUSED TO BE SERVED A COPY OF THE FOLLOWING DCOUMENT:

ENTITLED: Complaint under the Civil Rights Act. 42 U.S.C. §1983, and 28 U.S.C. § 1367, and Title II, of the ADA.

BY PLACING THE SAME IN AN ENVELOPE, SEALING IT BEFORE A CORRECTIONAL OFFICER, AND DEPOSITING IT IN THE [ *UNITED STATES MAIL* ] AT AVENAL STATE PRISON AND ADDRESSEDIT TO THE FOLLOWING:

Office of the Clerk
United States District Court
Northern District of California
U.S. Courthouse, 450 Golden Gate Ave, 16 FL
San Francisco, CA 94102

EXECUTED ON JUNE, 14, 20 07 AT AVENAL STATE PRISON, AVENAL CALIFORNIA

I, Charles Walton, DECLARE UNDER THE PENALTY OF PERJURY UNDER THE LAW OF THE STATE OF CALIFORNIA THAT THE FOREGOING IS TRUE AND CORRECT.

_____
SIGNATURE OF DECLARANT

Charles Walton
PRINT NAME OF DECLARANT

CDC# F48589

PRO PER.