CHARLES E. WALTON, JR., CDCR# F-48589
AVENAL STATE PRISON
P. O. BOX 9, #1 KINGS WAY
AVENAL, CA 93204

Pro se

FILED

07 SEP 14 PM 3: 57

RICHARD W. WIEKING
CLERK. U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

CHARLES WALTON, JR., AND THE INMATES
AT AVENAL STATE PRISON, AND ALL
OTHERS SIMILARLY SITUATED, et al..,

                          Plaintiffs,

                vs.

AVENAL STATE PRISON; LONNIE WATSON,
Warden (A), Avenal State Prison; L.
OACHA, Associta Warden, Avenal State
Prison; and DOES, I - V,
inclusive, et al.,

                          Defendants.

Case No.: C-07-3246-SBA-(PR)

CLASS ACTION

NOTICE OF MOTION AND MOTION
FOR CLASS CERTIFICATION AND
APPOINTMENT OF CLASS COUNSEL
OR INTERIM COUNSEL

Pursuant to F.R. Civ. P. Rule
23(b)(1) and 23(b)(2); 29
U.S.C. § 794a(b); 42 U.S.C. §
1988, and 42 U.S.C. § 12205

1. Comes now Plaintiff, and the Plaintiffs Class he represents, moves this honorable Court for an Order and/or an Interim Order Certifying the Plaintiffs as a Class Action.

2. Plaintiffs, futher moves this honorable Court for an Order, appointing Class Counsel, or Interim Counsel to fairly and adequately represent the interests of the Class, and to identify and investigate futher potential claims in this action.

3. Plaintiffs seek counsel experienced in handling Class Actions, other complex litigation involing prisoners, ADA, SNY, and claims of the type asserted in these actions.

4. The questions of law and fact common to the members of the

Class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

5.   Plaintiffs have also motion this Court for an Order, pursuant to F. R. Civ. P. rule 23(h), awrding reasonable Attorneys Fees, and nontaxble costs authorized by Law, for class counsel, or interim counsel, and investigators.

6.   Furthermore, plaintiffs pursuant to 28 U.S.C. § 1915(e)(1), makes this motion and in support of this motion, states the following;

A). Plaintiff and the Plaintiffs Class, are unable to afford Counsel. He/They have requested leave to proceed in forma pauperis.

B). The plaintiffs Class are a group of California State Prison Prisoners, at Avenal State Prison (ASP), at Kings County, and their imprisonment greatly limits their ability to litigate.

C). The issues involved in Class Actions cases are complex, and will require significant research and proper legal investigation.

D). Plaintiffs have limited knowledge of the law and a trial in this case will likely involve conflicting testimony, and Class Counsel or Interim Class Counsel, would better enable plaintiffs to present evidence and cross examine witnesses.

WHEREFORE, the named plaintiff and the Class he represent request that this honorable Court will grant them the requested and the following relief:

a). Certify the Plaintiffs Class Action, and declare the suit is maintainable as a class action pursuant to Federal Rule of Civil Procedure 23(b)(1) and 23(b)(2).

b). Appoint Class Counsel, or Interim Class Counsel, to investigate and repersent the Plaintiffs Class Action.

1        c). Award plaintiffs the costs of this suit, and reasonable

2  Attorney's Fees and Litigations expenses pursuant to 42U.S.C. §

3  1988; 29 U.S.C. § 794a(b), and 42 U.S.C. § 12205;

4        d). Retain jurisdiction of this case until defendants have

5  fully complied with the law, and any/all Orders of this Court, and

6  there is a reasonable assurance that defendants will continue to

7  comply in the future absent continuing jurisdiction; and

8        e). Award such other and further relief as the Court deems

9  just and proper.

16               Respectfully submitted

20             MR. CHARLES E. WALTON, JR.

1 | CHARLES E. WALTON, JR., CDCR# F-48589
2 | AVENAL STATE PRISON
  | P.O. BOX 9, #1 KINGS WAY
3 | AVENAL, CA 93204

4 | Pro se

5 |

6 |                    UNITED STATE DISTRICT COURT

7 |                  NORTHERN DISTRICT OF CALIFORNIA

8 | CHARLES WALTON, JR., AND THE INMATES )
  | AT AVENAL STATE PRISON, AND ALL       )
9 | OTHERS SIMILARLY SITUATED, et al.,    )

10 |                        Plaintiffs.    )        S U M M O N S
                                          )
11 |             vs.                       )     Class  Action No.:
                                          )
12 | AVENAL STATE PRISON; LONNIE WATSON,   )
   | Warden, (A); Avenal State Prison; L.  )
13 | OACHA, Associta Warden, Avenal        )
   | State Prison; and DOES, I - V,        )
14 | inclusive, et al.,                    )     No. #: C-07-3246-SBA-(PR)
                                          )
15 |                        Defendants.    )
                                          )
16 |

17 |            TO THE ABOVE-NAMED DEFENDANTS:

18 |        You are hereby summoned and required to serve upon plaintiffs,
   | whose address is Avenal State Prison, P.O. Box 9, #1 KINGS WAY,
19 | Avenal, CA 93204. an answer to the complaint which is herewith
   | served upon you. within 20 days after service of this summons upon
20 | you, exclusive of the day of service, or thereof is a defendant. If
   | you fail to do so , judgment by default will be taken against you
21 | for the relief demanded in the complaint.

22 |

23 |

24 | Clerk of the Court

25 |

26 |

27 | Dated:_____

28 |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT

# INMATE/PAROLEE
# APPEAL FORM

CDC 602 (12/87)

1. _____ 1. 07-01844

2. _____ 2. _____

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|---|---|---|---|
| C.E. Watson, et al., | F48589 | N/A | 410-1-780 |

**A. Describe Problem:** Come's now Appellant(s) and all others similarly situated with notice of a class injury claim. The jurisdiction of the proper hearing authority is herein invoked pursuant to administrative bulletins 05-03; and 97-10 and also Penal Codes §§ (PC) 832.7, VC 832.8, CCR 3391. and California Code of Regulations Title 15; with the Constitution of the United States of America. DOM § 54100.2; see also (D)OM § 54100.17

All of the herein citations are incorporated by reference.

If you need more space, attach one additional sheet.

**B. Action Requested:** Award each number of the class and the subclass $10,000.00 each. To provide appellant(s) with constitutionally living conditions. Or a sum of $78,000,000.00 to $130,000,000.00 to the class and the sub-class, which includes inmates, parolees and employees.

Inmate/Parolee Signature: _____     Date Submitted: 6-7-07

**C. INFORMAL LEVEL** (Date Received: _____ )

Staff Response: _____

~~BYPASS~~

Staff Signature: _____     Date Returned to Inmate: _____

**D. FORMAL LEVEL**
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

~~BYPASS~~

Signature: _____     Date Submitted: _____

Note: Property/Funds appeals must be accompanied by a completed
Board of Control form BC-1E, Inmate Claim

CDC Appeal Number: 07-01844

RECEIVED
A8 05/03
JUN 22 2007
AOP APPEALS OFFICE

Charles Walton F18589
Avenal State Prison
PO Box 8
Avenal, Ca 93204

July 25, 2007

To:

Re: Discrimination

Subject: Miasma Pernicious Living Conditions

Dear

Please be advised and dearly informed I am a
California State Prisoner incarcerated at Avenal
State Prison at Kings County.
This letter is in regard to susceptible living con-
ditions on the part of Avenal State Prison Officials.

1 of 2

This is an urgent and desperate plea for help on the behalf disabled inmates as well. There is a large segment of the population who has made the choice of an alternitive life style.

Furthermore this i segrated group of prisoners at Avenal State Prison Four yard known as Sensitive Needs Yard (SNY). We believe these injustices are soley based on this State Classification and pen-ological designation.

We are asking you for help please

Very Truly Yours,

Charles E Watson

Appelant (s)

Avenal State Prison
PO Box 8
Avenal, Ca 93204

summumbonum

Please be advised and duely informed, I am a California State Prisoner incarcerated at Avenal State Prison at Kings County, With a notice of serious deprivation of Basic Human Needs and unsanitary conditions causing general misery and the spread of disease and substantial risk of serious risk of future harm.

This evidence, if believed, would allow a fact finder to conclude that the plaintiff suffered a sufficiently serious deprivation to violate the Eighth Amendment.

Long standing urine and human feces, in the toilets most of the time. Many inmates have serious health issues, some vomit on a regular basis into over flowing toilets. These inches of stagnet waste water on the floors, from sinks with no traps and overflowing toilets.

Prisoners are faced, to wade through this miasma cess pools of human waste in shower shoes and bear feet many having ingrown toenails, open sores as well as other foot disorders and disease

Further, based on current conservation measures required at all staff and inmates inorder to maximize waste availability

Prisoners are foced to stand and urinate after other prisoners in toilets while splashing feces/urine from other prisoners with Hepatitis C, Tuberculosis, Vinereal Diseases, HIV other serious health problems and contagous disease back on exposed skin.

Any competent Physician knows the dangers of exposed skin coming in contact with this infectious material

represents a serious and dangerous risk of future harm.

These unconstitutional living conditions and blatant disregard for health and safety codes have caused widespread harm, including severe and unnecessary pain, injury, suffering, emotional and psychological distress.

Applicant(s) and all others similarly situated at all times mentioned herein are lawful inmates in the custody, control care and site keeping of CDCR employees at Avenal State Prison (ASP). At all times during incarceration applicant(s) has relied on the Warden at ASP to provide him/them with the necessary constitutional living conditions.

Mental Health Conditions can be very complex. Many require treatment by a psychologist or psychiatrist, doctors who specialize instead in the mentally ill. A number of issues frequently arise in mental health cases. Serious mentally ill prisoners hide on flushing devices, let an metal sink fixtures, pull on drain pipes or bang on walls so loudly, in frustration with the plumbing that hasn't worked in several months and in many cases years.

Because the Warden and Senior Prison Officials know that applicant(s) and all other prisoners similarly situated live under conditions creating an unreasonable risk of future harm but have failed to respond to this dire situation, they request that prison officials immediately furnish them with constitutionally adequate living conditions.

Applicant(s) has made repeated demands for Prison Officials to comply with the Law. Despite this demand, respondent has failed and continues to fail to comply with their duty under the

herein mentioned regulations and Penal Code § 5058.

Respondent has a clear, present and ministerial duty to comply with requirements of the Administrative Procedures Act (APA), California Code of Regulations (CCR), Penal Code § 5058, the American Correctional Association Standards for Incarcerated Inmates, State Laws and the United States Constitution, and at all times relevant therein, respondent has had and continues to have the duty and ability to do so.

Furthermore, these individuals were deliberately indifferent to the needs of the appellant(s) and all those similarly situated and has violated our rights to be free from cruel and unusual punishment under the ~~constitution~~ ("deliberate indifference standard," rather than the lower standard of whether state actions were "reasonably related" to "legitimate penological interest"). Toussaint v. McCarthy, 926 F.2d 800, 821 (9th Cir. 1990), cert. denied 502 US. 874 (1991) (even those prisoners at "the bottom of the social heap... have, none-theless, a human dignity and certain rights secured by the Constitution of the United States"); Madrid v. Gomez, 889 F.Supp. 1146, 1244-45 (N.D.Cal. 1995).

Unfortunately Senior Prison Officials while recognizing the depth of the problem to tackle the problem in any systematic manner in what is likely years to come.

The appellant(s) has encouraged Prison Officials to treat this situation as a state of emergency, to break out of the "busi-ness as usual" mindset, and to take extreme measures to break through any bureaucratic or other barriers that are preventing

3 of.

them from furnishing the appelents with constitutionally adequate living conditions.

Notwithstanding these duties and abilities respondant has failed and refused and continues to fail to perform their Duty as required by Law. By all accounts the Avenal Prison Senior Administrative Officials management system is broken beyond repair. The harm already done in this case to Avenal Prison inmate population could not be more grave, and the threat of future injury, misery, and specter of death is virtually guarunteed in the absence of drastic measures.

IT is impossible for a written discription to convey the pernicious conditions and the pain and degradation which ordinary inmates suffer at Avenal State Prison (including) the physical suffering and wretched psychological stress which must be endured by those sick, injured and mentally disabled who are denied basic human living conditions.

Based on the findings, removing California Prison Officials from control of the medical system and imposing a Receiver Mr. Robert Sillen, to radically transform it were the only viable means of saving lives and creating a stable and health care delivery system within the CDCR.

Finally, maintenance that is "so cursory as to amount to no maintenance at all" may violate the constitution.

There is a grave and immediate threat and actual risk of harm to the appelent(s), the use of all less extreme measures of redemlfications have been exhausted or proven futile. Continued insistence that compliance within normal administrative

4.7.

appeals time lines would lead only to confrontation and delay. There is a lack of leadership within the Avent Ops to turn the tide within a reasonable amount of time. There has been bad faith on the part of Prison Officials and resources are being wasted.

Considering Avenal State Prison Officials' historical failure to comply with State / Federal Law and its own CCRs, appellant(s) believes that the proper measure of futility is not one that can be calculated simply in chronological terms is not one that can be but rather is one that should be measured qualitatively in the present moment. By that measure, we are at the point maximum futility in this complaint, where the State and Avenal Prison Officials has publically confessed their inability to grapple with the problem in any appreciable systematic manner for what is likely to be years to come.

In that instances of granting receivership, courts have typically found a lack of leadership that would be expected to improve conditions, systematic deficiencies in administrative, organizational, and fiscal structure, institutional inertia, and similar indicia of bureaucratic morass.

An outside contractor is likely to provide a relatively quick and effective solution/remedy.

In conclusion given the deplorable state of affairs at Avenal State, Federal, State and Governmental powers - indeed obligated to remedy the situation, as discussed above the appellant(s) and all others similarly situated ask that you be

compelled to move forward as expidiciously as possible
in this case, with in the constraints of "Due Process" and
fundamental fairness, and set fourth the requested belief.

Regulations : This rule governing this issue is:
- California Code of Regulations -

CCR   §3271
CCR   §3270
CCR   §3380.(a)
CCR   §3413
CCR   §3004
CCR   §3384.7.
CCR   §3278.(b)
CCR   §3060
CCR   §3061
CCR   §3064
CCR   §3303.(b)

- Penal Codes -

PC   §5058

- Governmental Codes -

GC   §§954.4 and 950.2

- United State Codes -

Title 28

U.S.C. §2072 Rules of procedure and evidence; power to prescribe
U.S.C. §2073 Rules of procedure and evidence; method of prescribing

- Memorandum and Points of Authority -

To constitute cruel and unusual punishment under the Eighth Amendment, prison conditions must inflict unnecessary or wanton pain or be contrary to civilized standards of decency. Forcing mentally ill inmates to defecate into toilets containing human feces and urine is uncivilized. See _Rhodes v. Chapman_ (U.S.

1

452 U.S. 337, 346-347 / 101 S.Ct. 2392; 69 L.Ed. 2d 59/.

In evaluating a claim of cruel and unusual punishment, a court first asks whether the deprivation was sufficiently serious. Inoperable toilets for months at a time and forcing more than three hundred forty inmates to use three to five toilets is sufficient serious deprivation. See Wilson v. Seiter (1991) 501 U.S. 294 / 111 S.Ct. 2321; 115 L.Ed. 2d 271/.

This objective component requires at "minimal civilized measures of lifes necessities."

Working plumbing is very basic measure of lifes necessities. See Hudson v. McMillan (1992) 503 US 1, 9 / 112 S.Ct. 995; 117 L.Ed. 2d 156 / (citing Rhodes v. Chapman (1981) 452 U.S. 337, 347 / 101 S.Ct. 2392; 69 L.Ed. 2d 59/). See also Johnson v. Lewis, 217 F.3d 726, 732-33 (9th Cir. 2000), cert. denied, 121 S.Ct. 2215 (2001).

These "basic human needs" include "adequate food, clothing, shelter, sanitation, medical care, and personal safety." "Functioning sinks, toilets and showers are basic necessities of modern life, particularly within the confines of a fully self contained environment such as Avenal State Prison." See Hoptowit v. Ray (9th Cir. 1982) 682 F.2d 1237, 1246; see also Dawson v. Kendrick, 527 F. Supp. at 1288 and also Hoptowit v. Spellmer, 753 F.2d 779, 783 (9th Cir. 198

Another defense sometimes raised by prison officials is one of financial constraints. This defense has been decisively repudiated, with some courts threatening to close down a jail or prison if

it cannot be run in a constitutional manner. However, although fiscal considerations are no basis for complete denial of constitutional right, they can be taken into consideration in fashioning the appropriate relief. See Jackson v. Bishop (8th Cir. 1968) 404 F.2d 571, 580; Gates v. Collier (5th Cir. 1974) 501 F.2d 1291, 1320; Payne v. Superior Court (1976) 17 Cal. 3d 908, 920-921 [132 Cal. Rptr. 405]. See also Bounds v. Smith (1977) 430 U.S. 817, 825 [97 S. Ct. 1491; 52 L. Ed. 72]; Wright v. Rushen (9th Cir. 1982) 642 F.2d 1129, 1134.

Serious or significant injury is not always required for an Eighth Amendment claim. Eighth Amendment violated by prison plumbing in such disrepair as to deprive inmates of basic elements of hygiene and to threaten their physical and mental well-being. See Id., at 788.

Whether a condition or injury violates contemporary standards of decency will vary from situation to situation. A condition which has not caused any present injury may still violate the Eighth Amendment if there is "imminent danger," and the condition "is sure or very likely to cause serious illness and needless suffering." See Hoptowit v. Ray (9th Cir. 1982) 682 F.2d 1237; Keenan v. Hall (9th Cir. 1996) 83 F.3d 1083 ("discussing numerous conditions, issues that can raise Eighth Amendment concerns"); see also Hayes v. Shores, 11 F.3d 216, 217, 720 (5th Cir. 1997).

The conditions, practices and omissions that form the basis of this complaint are common to all members of the class and

the relief sought will apply to all of them. The claims of the named appellant(s) are typical of the claims of the class.

The prosecution of seperate actions by individual members of the class would create a risk of inconsistent or varying adjudications which would establish incompatible standards of conduct for the defendants. The prosecution of seperate actions by individual members of the class would create a risk of adjudications with respect to individual members which would, as a practical matter, substantially impair the ability of other members to protect their interest.

California State and Federal Prison Officials have acted or refused to act on grounds generally applicable to the class, making appropriate injunctive, declatory and monetary relief with respect to the class and subclass as a whole.

There are questions of law and fact common to members of the class, including officials violation of the Eighth Amendment and Fourteenth Amendment to The United States Constitution.

The named appellant(s) are not capable without counsel, of fairly and adequately representing their the class and protecting its interest.

There for appellant(s) moves this court persuant to 42 USC. 1988, 29 USC. § 794 a (b), and 42 USC. § 12205, to apoint Michael W. Bien, Attorney at Law of Rosen, Bien and Galvan LLP of San Francisco, California e counsel of record to protect their interest.

41/58

Respectfully Submitted,

Charles E. Walton

Applicant(S)

5  /5

CC:

ARNOLD SCHWARZENEGGER, GOVERNOR
STATE OF CALIFORNIA

MR. ROBERT SILLEN, PLATA RECEIVER
PRISON HEALTH CARE RECEIVER

JUDGE THELTON E. HENDERSON
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO, CA

U.S. DEPARTMENT OF JUSTICE, CIVIL RIGHTS DIVISION
JENINE WORDEN, DEPUTY CHIEF
WASHINGTON, D.C.

MR. JAMES E. TILTON, SECRETARY
CAL. YOUTH AND ADULT CORRECTIONAL AGENCY

MR. WILLIAM GAUSEWITZ, DIRECTOR
CAL. DEPARTMENT OF CORRECTIONS AND REHABILITATION

DONALD SPECTOR, ATTORNEY AT LAW
PRISON LAW OFFICE

ROSEN, BIEN AND GALVAN, LLP

OFFICE OF INTERNAL AFFAIRS
SACRAMENTO, CA


N. DAWSON, WARDEN


CALIFORNIA STATE LEGISLATURE ASSEMBLY AND STATE SENATE
STATE CAPITOL


McCUTCHEN, DOYLE, BROWN AND EMERSEN


MR. ANDY FUILLO
SACRAMENTO BEE


SAN FRANCISCO CHRONICLE


LOS ANGELES TIMES


THE FRESNO BEE


M.L. SANGO, MOTHER
SUISUN CITY, CA


C.E. WALTON, FATHER
FRESNO, CA

TURNING WHEEL NEWSLETTER

INTERNATIONAL BUDDHIST NEWSLETTER

THE VICTORY BANNER NEWSLETTER
WASHINGTON, D.C.

INSIDE JOURNAL
WASHINGTON, D.C.

FAMILIES AGAINST MANDANTORY MINIMUMS (FAMM)
WASHINGTON, D.C.

NATIONAL CURE, WASHINGTON, D.C.

PRISON LEGAL NEWS

THE BEAT WITHIN

THE PENNSYLVANIA PRISON SOCIETY

NATIONAL HEPITITIS "C" PRISON COALITION

AMERICAN FRIENDS SERVICE COMMITTEE WATCH PROJECT

GAY BUDDHIST FELLOWSHIP NEWSLETTER, SAN FRANCISCO, CA

ON THE COMPLAINT/CLAIM WITH SUPPORTING AFFIDAVIT
THEREON:

## DECLARATION

I, THE UNDERSIGNED DECLARE UNDER PENALTY OF
PERJURY UNDER THE LAWS OF THE STATE OF CALIFORNIA
THAT THE FOREGOING COMPLAINT IS TRUE AND CORRECT AND
AS TO SUCH FACTS AVERRED UPON INFORMATION AND BELIEF,
THAT I AM SO INFORMED AND BELIEVE THE SAME TO BE
TRUE, AND AFFIX MY SIGNATURE HERETO,


_John S. van den Berg_ SIGNED           _6-7-07_
John L. van den Berg                    DATED
F-20942


_(signature)_ SIGNED                    _6/7/07_
MANUEL VILORIA                          DATED
T09391


_S. Babcock_ SIGNED                     _6-7-07_
BABCOCK, S                              DATED
T41803

On the complaint/claim with supporting affidavit thereon:

## Declaration

I, the undersigned declare under Penalty of perjury under the Laws of The State of California that the foregoing complaint is true and correct and as to such facts averred upon information and belief, that I am so informed and believe the same to be true, and affix my Signature Hereto.

_Tony Federico_  Signed          6-7-07
Tony, Federico                    Dated
F 00017 #

_Christopher Lee Sheek_  Signed    6-7-07
Christopher Lee Sheek              Dated
#50235

_Greg Elliott_  Signed            06/07/07
Gregory wayne Elliott             Dated
#F-036 88

On the complaint / claim with supporting affidavit Therein:

## Declaration

I, the undersigned declare under Penalty of Perjury under the Laws of the State of California that the foregoing complaint is true and correct and as to such facts averred upon information and belief, that I am so informed and believe the same to be true, and affix my signature thereto.

_____ Signed                    June 13, 2007
Willie Brooks                                              Date
P16665

_____ 6-17-07  Signed             6-13-07
Charles E. Walton                                         Date
F98589

_____ Signed                     3/5/07
William J Maquier                                         Date

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT

State of California

Department of Corrections and Rehabilitation
Avenal State Prison

# Memorandum

Date  :  August 20, 2007

To  :  **Walton , CDCR # F48589**
**410 -1-78 U**

Subject : **FIRST LEVEL APPEAL RESPONSE**
Log # ASP-M-07-01844
Issue: Living Conditions

**DECISION:** PARTIALLY GRANTED

**PROBLEM DESCRIPTION:** You claim that you and other inmates are incarcerated / being housed in unsanitary conditions.

**ACTION REQUESTED:** That you and all of the other inmates in HU 410 be given $10,000.00 each and be allowed to live in sanitary conditions.

**APPEAL RESPONSE:** All of the inmates incarcerated at Avenal State Prison are housed in sanitary / healthy living quarters. This is the portion of your Appeal that is being granted. The portion where you are requesting $10,000.00 for your self and every inmate housed in Facility Four Housing Unit 410 is being denied. You can not be awarded a monetary value at this level of review, it should also be noted that there is no factual basis which has been substantiated in reference your allegations about the living conditions in HU 410.

As I stated in my telephone interview with you on August 9, 2007 at approximately 1147 hours you appeal is being Partially Granted at the First Level of Review.

DOUGLAS.E.CHAFFER
Correctional Plant Supervisor (A)
Avenal State Prison

BRIAN WYNN
Associate Warden Business Services (A)
Avenal State Prison

CDC 1617 (3/89)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT

STATE OF CALIFORNIA — DEPARTMENT OF CORRECTIONS AND REHABILITATION                    ARNOLD SCHWARZENEGGER, GOVERNOR

**DIVISION OF ADULT INSTITUTIONS**
AVENAL STATE PRISON
P. O. Box 8
Avenal, CA 93204



August 9, 2007

Charles E. Walton, F48589
Housing Unit 410-1-78U
Avenal State Prison

This is in response to your letters of July 4, 2007, which you addressed to Judge
Thelton E. Henderson and sent to the Office of Internal Affairs in Sacramento, California.
Your letters were forwarded to my office for review and response.

In your letters, you have several allegations concerning unacceptable and unsanitary living
conditions at Avenal State Prison (ASP), including plumbing and water issues. You also
state that you have an urgent and desperate plea for help on behalf of yourself, other
inmates and disabled inmates. You also mention Sensitive Need Yard (SNY) inmates, as
being a segregated group, some of which have made a choice of an alternative lifestyle.

In reviewing all of the issues in your letters, I find that the SNY facility in which you are
housed, is not the only facility experiencing plumbing difficulties. The inmate population at
ASP has nearly tripled in size from the original design intentions. However, I am certain
that you have seen ongoing efforts by ASP Plant Operations staff to correct any and all
plumbing issues, as they arise. I understand your concerns and can assure you that every
effort is made to rectify all plumbing issues by the Plant Operations staff, often called in to
make repairs on weekends and evenings.

It is of the utmost importance to ASP staff that all inmates are housed in a safe and sanitary
environment and that there is no discrimination toward any individual or group of inmates.
ASP staff ensures that all plumbing problems are reported promptly to the Plant Operations
Department and the problems are reviewed/repaired by Plant Operations staff as soon as
possible.

I hope this information addresses all of your concerns. Should you have further concerns,
please correspond with my office via institutional mail.

Sincerely,

LONNIE WATSON
Warden (A)
Avenal State Prison

EXHIBIT